DECISION
A case management conference was held February 4, 2009. Vincent Kwong, Licensed Tax Consultant, represented Plaintiff. Richard F. Teague appeared for Defendant.
At issue is a $575.66 penalty imposed for not filing a 2007-08 personal property return. Plaintiff seeks cancellation of that penalty.
 I. STATEMENT OF FACTS
Plaintiff began business operations in March of 2006. The owner knew a personal property tax return, listing taxable items as of January 1, 2007, was due on or before March 1, 2008. Due to the demands of his business and other personal factors, he did not file for that year, but instead, timely offered a listing for the subsequent 2008-09 year. In a letter attached to the Complaint, the owner stated "the hustle and bustle of my business life made me forget the entire matter." (Ptf's Compl at 2.)
Defendant then proceeded pursuant to ORS 311.205 and 311.216 to add an assessed value of $72,260 for 2007-08. As part of that process, a penalty of 50 percent of the tax amount was assessed to Plaintiff. Plaintiff now seeks a waiver of that penalty. *Page 2 
 II. ANALYSIS
ORS 308.290(1)(a)[1] requires a business to file a personal property tax return by March 1. The statute goes on to state that, if a party fails to file a return by the March 1 deadline, it "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4), the provision applicable here, states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiff admittedly did not file its return before August 1, 2008. Pursuant to the statute, it is responsible for a 50 percent penalty. The situation is the same for later years. Plaintiff claims, however, it should be excused from the penalty because of circumstances beyond its immediate control.
ORS 311.223(4) allows waiver of a late-filing penalty. In such cases involving past years and omitted property assessments, this court has the power to waive or reduce that penalty. The owner must provide a proper showing of good and sufficient cause.
ORS 305.288(5)(b) defines what constitutes good and sufficient cause:
 ""Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and *Page 3 
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
In this case, the sole reason offered for the failure to file is that the owner forgot the matter was pending. That specifically does not constitute a valid reason to compromise the statutory penalty.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February27, 2009. The Court filed and entered this document on February 27,2009.
[1] All references to the Oregon Revised Statutes are to 2007.